IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| TRACY BLEVINS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )     Civil Action No. 5:10-0527 |
| | ) |
| DAVID BERKEBILE, Warden, | ) |
| FCI Beckley, | ) |
| | ) |
|     Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 20, 2010, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Document No. 1.) On May 7, 2010, Petitioner filed an Amendment to his Petition. (Document No. 6.)[1] Petitioner basically contends that the Bureau of Prisons [BOP] is not considering inmates for designation to Community Corrections Center [CCC] or Residential Reentry Center [RRC] placement for periods of time longer than six months when 18 U.S.C. § 3624(c) now requires that they be considered for such placement for up to the last twelve months of their sentences. Thus, Petitioner appears to speculate that he will not be designated for CCC or RRC placement for a period of time longer than six months.[2] Having examined the record and applicable law, the undersigned

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Petitioner's Petition is identical to the Petition filed by Mr. Robert Arbaugh in *Arbaugh v. Berkebile*, Civil Action No. 5:10-0528. Petitioner's Petition therefore contains a Statement of Facts pertaining to Mr. Arbaugh's circumstances, not Petitioner's. (Document No. 1, p. 8.) By Petitioner's Amendment to his Petition (Document No. 6.), Petitioner submits a Statement of Facts pertaining to him and requests that the Court "destroy the originally filed page eight, replacing same with the new Statement of Facts filed herewith." It appears from Petitioner's Statement of Facts as contained in his Amendment that Petitioner filed his Petition about eight months before the BOP would

finds that the circumstances which Petitioner alleges as grounds for relief under Section 2241 do not indicate that Petitioner is in custody in violation of the Constitution or laws of the United States and therefore respectfully recommends that Petitioner's Petition (Document Nos. 1 and 6.) be dismissed.

## BACKGROUND

By Second Superseding Indictment filed in the United States District Court for the Southern District of Ohio on October 23, 2008, charging sixteen persons including Petitioner with violating federal controlled substances laws, Petitioner was charged in Count One with conspiring to possess more than 1,000 kilograms of marijuana with the intention to distribute it in violation of 21 U.S.C. § 846. United States v. Blevins, Criminal No. 2:08-0070-10 (Document No. 67.) Petitioner was also charged by Information with engaging in a monetary transaction affecting interstate commerce in a criminally derived property in violation of 18 U.S.C. § 1957. United States v. Blevins, Criminal No. 2:09-0064, in the United States District Court for the Southern District of Ohio. Petitioner pled guilty to the charge contained in Count One of the Second Superseding Indictment on April 21, 2009 (United States v. Blevins, Criminal No. 2:08-0070-10, Document No. 381.), and the charge contained in the Information, and the District Court sentenced him on December 16, 2010, to a 33 month term of incarceration on both charges to run concurrently and a five year term of supervised release in United States v. Blevins, Criminal No. 2:08-0070-10, and a three year term of supervised release in United States v. Blevins, Criminal No. 2:09-0064, to run concurrently. The District Court further imposed a $200 special assessment. (United States v. Blevins, Criminal No. 2:08-0070-10, Document No. 611.) Petitioner states in his Amendment that he self-reported to commence his sentence on February 9, 2010. Petitioner states, and the Bureau of Prisons' Inmate Locator confirms,

---

consider him for CCC or RRC placement.

that Petitioner's projected release date is currently July 1, 2012.[3] Petitioner also states in his Amendment that in April, 2010, at about the time he filed his Petition for relief under Section 2241, he entered the BOP's Residential Drug Abuse Program [RDAP] the successful completion of which would make him eligible for release on July 1, 2011, pursuant to 18 U.S.C. § 3621(e). Petitioner also indicates in his Amendment that, disregarding his completion of RDAP, he would become eligible for release to a CCC or RRC on July 1, 2011, pursuant to 18 U.S.C. §§ 3621(b) and 3624(c).

## PETITIONER'S CLAIM

Petitioner contends that, notwithstanding Congress' amendment of 18 U.S.C. § 3624(c) under the Second Chance Act of 2007 extending the maximum period of time when the Bureau of Prisons is required to hold a prisoner at the end of his term of incarceration "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community" from six to twelve months, the Bureau of Prisons "has taken the position that . . . no inmates will receive more than an 180-day RRC stay." (Document No. 1, p. 6.) Referring to the BOP's April 14 and November 14, 2008, Memoranda, Program Statement 7310.04 and comments of BOP Director Lappin at a 2008 Sentencing Commission Symposium, Petitioner contends that the BOP has established policies and procedures inconsistent with Congress' direction in enacting the Second Chance Act by creating a presumption that no inmate will be designated to more than six months in a CCC or RRC. Construing Petitioner's documents liberally as the Court must, the undersigned finds that Petitioner is claiming that under BOP policies, the BOP will not designate him for CCC or RRC placement for a period of time longer than six months when he is

---

[3] Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 initiating this matter on April 20, 2010, about 2 ½ months after he self-reported to begin serving his 33 month sentence and about 26 ½ months before his projected release date.

entitled to such designation for a period of time up to twelve months under Section 3624(c).

## DISCUSSION

In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must determine whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975).

### Application of 18 U.S.C. §§ 3621(b) and 3624(c).

Pursuant to 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence -

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody to serve a portion of his sentence in the community, such as on home confinement or in a CCC or RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release CCC or RRC placement. As amended by the Second Chance Act of 2007, Section 3624(c)(1) provides as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The Second Chance Act required the BOP to issue new regulations to ensure that RRC placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 570.21 provides that a prisoner's maximum allowable time in a RRC placement is 12 months. See 28 C.F.R. § 570.21. The regulations, however, do not set any minimum amount of time that a prisoner must spend in a CCC or RRC. Section 570.22 requires the BOP to make CCC or RRC placement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." The 12-month CCC or RRC period is a statutory maximum and it is not mandatory that prisoners receive 12-months in CCC or RRC placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3rd Cir. 2005)(providing that in exercising its discretion in determining when an inmate should be transferred to a CCC or RRC, the BOP must consider the five factors set forth in Section 3621(b) and stating that "that the BOP may assign a prisoner to a CCC does not mean that it must."). On April 14, 2008, the BOP issued a memorandum stating that the Regional Director's approval is required for CCC or RRC placements beyond six months. Specifically, the memorandum provides as follows:

> While the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the

5

>Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

(Civil Action No. 5:10-0352, Document No. 2, p. 6.) According to Program Statement 7310.04, the BOP should review a prisoner for CCC or RRC placement 17 to 19 months prior to the prisoner's projected release date. 18 U.S.C. § 3624(c)(4) provides that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." Accordingly, "it is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." Garrison v. Stansberry, 2009 WL 1160115, *4 (E.D.Va. 2009)(citations omitted). Therefore "the Court only has authority to review whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." Id.

   1.   **Ripeness of Petition.**

The undersigned must first consider whether Petitioner's Petition is ripe for decision. The Court cannot decide a claim that is not ripe for adjudication. See National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003). The rational behind the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Id. at 807 - 08 (citing Abbott Laboratories v. Gardener, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

Petitioner acknowledges that his projected release date is July 1, 2012.[4] Petitioner filed his

---

[4] Petitioner speculates that he will receive a one year sentence reduction based upon his successful completion of RDAP which includes a residential phase and a transitional phase, thereby

Petition for relief under Section 2241 on April 20, 2010, about 26 ½ months before his projected release date and well before the time when the BOP would consider him for CCC or RRC placement 17 to 19 months before his projected release date.[5] It is safe to assume therefore that Petitioner had not received the BOP's decision respecting designating him to a CCC or RRC at the time he filed his Petition. Petitioner is apparently speculating, therefore, that he will be denied 12-months CCC or RRC placement and is requesting that the District Court determine that he is eligible for 12-months CCC or RRC placement. When the BOP has not decided in the first place how much time Petitioner should spend in a CCC or RRC, the District Court cannot consider "whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." Accordingly, the undersigned finds that Petitioner's claim for CCC or RRC placement is not ripe for the District Court's consideration. See Moore v. Driver, 2008 WL 4661478, * 3 (N.D.W.Va. Oct. 21, 2008)(finding that petitioner's claim for RRC placement was not ripe "[b]ecause his release date is more than 17 to 19 months in the future"). It is therefore not evident that Petitioner is in custody in violation of the Constitution or the laws of the United States, and his Petition should be dismissed.

---

making his projected release date July 1, 2011. The Court, however, cannot consider Petitioner's participation in RDAP and eligibility for a one-year reduction in his sentence if he completes it in considering his claim under Sections 3621(b) and 3624(c). Even if Petitioner successfully completes RDAP, he is not guaranteed a one year sentence reduction. Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. *See Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998).

[5] Given his current projected release date of July 1, 2012, Petitioner will be considered for CCC or RRC placement in December, 2011 (19 months prior his projected release date) at the earliest.

**2. Exhaustion Requirement:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court.[6] See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

---

[6] Exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark." *Wright v. Warden*, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); *also see Yannucci v. Stansberry*, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and *Garrison v. Stansberry*, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims").


Petitioner does not discuss what steps he may have taken to exhaust administrative remedies with respect to his prospective and speculative claim under Sections 3621(b) and 3624(c). It is likely, however, that Petitioner did not exhaust administrative remedies prior to filing his Petition because he filed it only about 2 ½ months after he self-reported to begin serving his sentence and the administrative remedy process takes longer than that to complete. Additionally, any attempt on Petitioner's part to do so would have been premature and therefore improper because the BOP would not have determined whether he should be designated to a CCC or RRC then. Because it appears plainly from these circumstances that Petitioner did not exhaust administrative remedies before filing his Petition, his Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS without prejudice** Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 6.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court,

written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: November 10, 2010.

                                                R. Clarke VanDervort
                                                United States Magistrate Judge